IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

NATHAN BLAKLEY,
    Petitioner,

v.

STEVE KALLIS,
    Respondent.

Case No. 1:16-cv-01492-JES

## ORDER

Before the Court are the Petitioner, Nathan Blakley's, *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (D. 1)[1] and the Government's Response (D. 6). For the reasons set forth below, the Petition (D. 1) is DENIED and this matter is terminated.

In December 2016, the Petitioner filed his petition, arguing that, pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), his sentence was calculated using improper predicates to enhance his sentence and qualify him as a career offender pursuant to United States Sentencing Guidelines § 4B1.1. *Id.* at pp. 7-9. Given two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*) and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), the Petitioner is precluded from obtaining relief.

Together, *Hawkins I* and *Hawkins II* hold that a petitioner may not seek on collateral review to revisit a district court's calculation of an offender's advisory guidelines range. Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be corrigible in a postconviction proceeding so long as

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823-25. It specifically distinguished the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice). Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were subject to constitutional challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082.

The Seventh Circuit denied rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than that required for postconviction relief, and *Peugh*'s retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916-18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly."). Petitioner's claim is thus untenable. Accordingly, the Court DENIES the Petitioner's petition (D. 1). This matter is now terminated.

*It is so ordered.*

Entered on May 16, 2018

　_s/ James E. Shadid_

James E. Shadid
Chief United States District Judge